WEHLE, VICTOR O., Associate Judge.
This is an appeal from a judgment granting landlord’s petition for possession of premises rented to defendants.
*79 The evidence reveals there was unbelievable confusion as to what was owed and by whom and when it was due.
The original lease commencing June 1, 196S, had been to Sherron Motors Co., Inc. This lease was thereafter with the consent of the landlord assigned to Southeast Chrysler-Plymouth, Inc., in July 1967, and thereafter for three years annual extensions of one year each were made on the same basis of $1300 per month rent. The lease was thereafter on July 7, 1970, assigned by Southeast Chrysler-Plymouth, Inc., to the defendant Joyce. The landlord seems to contend that this assignment to Joyce was not approved but nevertheless, when alleged defaults in rent arose, the landlord sent notices of delinquencies to both Southeast Chrysler-Plymouth, Inc. and Joyce and its petition for eviction now under consideration named both Southeast Chrysler-Plymouth, Inc. and Joyce as defendants and specifically described them both as tenants.
In April 1970 an additional one year extension was granted to Southeast Chrysler-Plymouth, Inc. to terminate May 31, 1971. Arrangements were made in June 1970 to pay the landlord the June rent through Western Union but the landlord refused to receive the same. In July 1970 the landlord decided that certain amounts were due the landlord on the extended lease, and through its attorney under date of July 7, 1970, sent two notices of arrear-ages in rent, one notice being to S. E. Coon and wife (Coon being the President of Southeast Chrysler-Plymouth, Inc.) demanding $5,984.96 as rent due for June 1, 1970 to July 7, 1970, the other notice to Southeast Chrysler-Plymouth, Inc. stating the arrearages to be $5,044.94. Joyce, (who had become assignee of the lease on July 7, 1970) on July 9, 1970 notified the landlord that he had become the assignee of the lease and asked the landlord’s approval of the assignment and enclosed a check for $5,984.96, stating that the notice of arrearages did not delineate how the claimed amounts were arrived at and he was tendering the larger amount to avoid any difficulty and reserving the right to an adjustment of the proper rent if the larger amount was not actually due.
Joyce’s check was received by the landlord on July 10, 1970, and was returned by the landlord by letter of July 23, 1970, apparently because the landlord considered the tender to be improperly conditioned on the acceptance of an option included in the original lease to purchase the leased premises which option was felt by the landlord not to be capable of assignment. Thereafter on July 30, 1970, the attorneys for Joyce wrote the attorneys for the landlord enclosing a cashier’s check for $7,336.96 which was calculated by them to include the original charge of $5,984.96, plus $1,352.00 for rental due August 1 ($1,300, plus 4% or $52.00 sales tax) also still contending that the $5,984.96 amount was still in dispute. There is no evidence to show that any further demands were made by the landlord until December 7, 1970, when the landlord served a rental demand and eviction notice on both Southeast Chrysler-Plymouth, Inc. and Joyce demanding $7,098.50, covering alleged rent of $598.50 due for July 1970, plus $1,300.00 due on the succeeding months of August, September, October, November and December, which would pay the rent through December 31, 1970. No further payments having been made, the landlord filed the instant suit on December 21, 1970, against Southeast Chrysler-Plymouth, Inc. and Joyce, each of whom filed answers denying any rents to be due.
At the non-jury trial, the president of the landlord corporation was the only witness for plaintiff as to rents due. He admitted having received the cashier’s check for $7,336.96, but stated that he had told his attorneys to return it although he did not know if the attorneys had done so. He did not offer any testimony as to the exact amount due in December when the suit was filed, but only claimed that no rent had been received since May 1970.
*80 The defendants’ testimony established that the cashier’s check for $7,336.96 had never been returned to the defendants and they contend that this check having- been retained by the plaintiff and .being in excess of the $7,098.50 demanded by the landlord that they were not in default in any rental payments.
The trial judge made findings of fact to the effect that no rent had been paid by either defendant since June 1, 1970, nor had any tender been made by either for rent due and owing, and ordered the plaintiff put in possession of the premises. We can find no justification for these findings of fact as they do not correspond with the claim of the petition or the evidence which shows numerous tenders of rent and an actual receipt by the landlord of a cashier’s check in excess of the amount claimed to be due and the retention of the cashier’s check by the landlord. The tenants were not in default on the rent and the landlord should not have been given possession of the premises.' That is the sole issue we here decide.
The judgment is reversed without prejudice to the rights of the defendants to apply for credit for the difference between the cashier’s check of $7,336.96 retained by the landlord and the rent of $7,098.50 actually claimed by the landlord to be due through December 31, 1970.
Reversed.
OWEN, J., concurs.
MAGER, J., dissents, with opinion.